**In the United States District Court for the Eastern District of Virginia**
**Alexandria Division**

**United States of America,**

v.                                                      Docket No. 1:20-mj-307-MSN

**Jon Edward Drew.**

### Motion to Reconsider Detention

On November 13, 2020, the Court ordered Mr. Drew detained for the pendency of his case. (Doc. 13.) The Court specifically cited Mr. Drew's lack of a third party custodian and suggested that Mr. Drew might ask the Court to reconsider if he could identify a third party custodian. The Court was clear that the Court's comments were neither a promise nor an advisory opinion.

Mr. Drew's mother, Kathy Drew, is willing to act as a third party custodian, provided he is able to live at his own apartment. The two have been in communication during Mr. Drew's incarceration. At the moment, Mrs. Drew's home is at capacity with Mr. Drew's brother and his family. She will commit to regularly visiting Mr. Drew at his apartment, and he is willing to remain in the apartment under home detention, enforced by a location monitoring device. Mr. Drew is also willing to put up the title to his vehicle as collateral for his bond.

With regard to his criminal history, Mr. Drew began a probationary sentence in 2006. This is his most recent criminal conviction, except for simple marijuana possession in 2010. Court records state that he "adjusted well" to probation between

1

2006 and 2009 and paid $2200 of $3430 in restitution. In 2009, Mr. Drew received a summons for simple possession of marijuana. He received a deferred prosecution on the condition of community service. Court records show that he appeared in Court in June of 2010 and again in January, 2011, when the probation violation was dismissed and he was released from probation.

Mr. Drew asks that the Court reconsider its detention order and grant his release under the following conditions: 1) that Mrs. Drew serve as a third party custodian and update the Probation Officer if she is unable to reach Mr. Drew for any 24 hour period; that he reside at his apartment in home detention with a location monitoring device; that he place the title of his vehicle as collateral for his bond; and that he cooperate with any substance abuse and/or mental assessments required by Probation, as well as any subsequent testing or treatment.

Respectfully submitted,

/s/
Nathaniel Wenstrup
Admitted *Pro Hac Vice*
Assistant Federal Public Defender
Counsel for the Defendant
Office of the Federal Public Defender
1650 King Street, Suite 500
Alexandria, Virginia 22314
703-600-0825
703-600-0880 (fax)
Nate_Wenstrup@fd.org

2