IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

ALEXANDRIA DIVISION



| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JONATHAN EDWARD DREW,<br>a/k/a "Jon Drew"<br><br>Defendant. | Case No. 1:21-cr-71<br><br>Count 1: 18 U.S.C. § 1344 (Bank Fraud)<br>Count 2: 18 U.S.C. § 1028A(a)(1)<br>(Aggravated Identity Theft)<br><br>Forfeiture Notice |

**CRIMINAL INFORMATION**

THE UNITED STATES ATTORNEY CHARGES THAT:

COUNT 1
(Bank Fraud)

At all times relevant to this Information:

1.  Defendant JONATHAN EDWARD DREW (hereinafter "DREW" or "the defendant") resided in Reston, Virginia, located within the Eastern District of Virginia.

2.  First Internet Bank of Indiana ("FIBI") provided a range of traditional banking services throughout the United States, including in the Eastern District of Virginia, and is a financial institution as defined by Title 18, United States Code, Section 20.

3.  Company A was a limited liability company incorporated in Virginia and located in Reston, Virginia, within the Eastern District of Virginia.

4.  Individual J.B. was a real person who resided within the Eastern District of Virginia.

The Scheme and Its Objects

5.  From on or about December 2019 to on or about August 2020, in the Eastern District

of Virginia, JONATHAN EDWARD DREW did knowingly execute and attempt to execute a

scheme to defraud FIBI and other financial institutions and to obtain moneys, funds, credits,

assets, securities, and other property owned by, and under the custody and control of FIBI, by

means of false and fraudulent pretenses, representations, and promises.

### Manner and Means

6.   DREW executed the scheme to defraud financial institutions from his residence in

Reston, located within the Eastern District of Virginia, by means of computer and otherwise.

7.   DREW possessed without lawful authority the means of identification of numerous

real individuals. DREW would open bank accounts in the names of real individuals and

businesses; attempt to negotiate checks drawn on those bank accounts without lawful authority;

would negotiate stolen checks; and negotiate counterfeit checks, all as part of the scheme.

8.   Specifically, DREW used, without consent and without lawful authority, the identity

of Individual J.B. to misrepresent his and Individual J.B.'s identity to open a FIBI checking

account online in the name of Company A under false pretenses. When opening the checking

account using stolen personal identification information, DREW used the address of his personal

residence to receive correspondence from the bank.

### Execution of the Scheme

9.   On or about July 23, 2020, DREW attempted to pay rent for his personal residence

with a check drawn on the fraudulent FIBI account in the name of Company A, in the amount of

$26,172.30.   The primary owner listed on the FIBI bank account held in the name of Company

A on which the rent check was drawn was Individual J.B. with the residential address of DREW.

The check DREW attempted to negotiate for his rent payment bore DREW's residential address

and a signature that appeared to be that of Individual J.B.

DREW made this transaction knowing that the FIBI account and check was fraudulent, and the signature on the check was forged.

(In violation of Title 18, United States Code, Sections 1344).

## COUNT 2
### (Aggravated Identity Theft)

10. The allegations in paragraphs 1 to 9; above, are incorporated herein by reference as if set forth fully below.

11. In or around July 2020, in the Eastern District of Virginia, JONATHAN EDWARD DREW, during and in relation to an enumerated felony violation, namely, bank fraud, as alleged in Count 1 of this Information, in violation of Title 18, United States Code, Section 1344, did knowingly transfer, possess, and use, without lawful authority, a means of identification of another person, specifically the name, date of birth, and social security number of Individual J.B., which was used to facilitate the scheme to defraud First Internet Bank of Indiana ("FIBI") and to obtain moneys, funds, credits, assets, securities, and other property owned by, and under the custody and control of FIBI, by means of false and fraudulent pretenses, representations, and promises.

(In violation of Title 18, United States Code, Section 1028A(a)(1)).

## NOTICE OF FORFEITURE

Defendant JONATHAN EDWARD DREW is hereby notified, pursuant to Federal Rule of Criminal Procedure 32.2(a), that upon conviction of count one of this criminal information, he shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(2)(A), any property constituting, or derived from, proceeds obtained directly or indirectly, as the result of the violation.

The assets subject to forfeiture include, but are not limited to, the following: a monetary judgment in an amount to be determined by the Court, representing the proceeds the defendant obtained from count one of the criminal information.

Pursuant to 21 U.S.C. § 853(p), JONATHAN EDWARD DREW shall forfeit substitute property, if, by any act or omission of JONATHAN EDWARD DREW, the property referenced above cannot be located upon the exercise of due diligence; has been transferred, sold to, or deposited with a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty.

(All in accordance with Title 18, United States Code, Sections 982(a)(2)(A) and Fed. R. Crim. P. 32.2.)

Raj Parekh
Acting United States Attorney


Date:   April 6, 2021                By:   /s/ Roberta O. Roberts
                                          Roberta O. Roberts
                                          Special Assistant United States Attorney
                                          Russell L. Carlberg
                                          Assistant United States Attorney