IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. 1:21-cr-71 |
| ) | |
| JONATHAN EDWARD DREW, ) | |
| a/k/a "Jon Drew" ) | |
| ) | |
| Defendant. ) | |

## STATEMENT OF FACTS

The United States and the defendant, JONATHAN EDWARD DREW (hereinafter, "DREW" or "the defendant"), agree that at trial, the United States would have proven the following facts beyond a reasonable doubt with admissible and credible evidence:

### Count 1

1. From on or about December 2019 to August 2020, in the Eastern District of Virginia, JONATHAN EDWARD DREW knowingly executed and attempted to execute a scheme to defraud a financial institution, First Internet Bank of Indiana (hereinafter "FIBI"), and to obtain moneys, funds, credits, assets, securities, and other property owned by, and under the custody and control of FIBI, by means of false and fraudulent pretenses, representations, and promises, in violation of Title 18, United States Code, Section 1344.

2. FIBI provided a range of traditional banking services throughout the United States, including in the Eastern District of Virginia, and is a financial institution as defined by Title 18, United States Code, Section 20.

1

3. Company A was a limited liability company incorporated in Virginia and located in Reston, Virginia, within the Eastern District of Virginia.

4. Individual J.B. was a real person who resided within the Eastern District of Virginia.

5. DREW, either alone or in concert with others, executed the scheme to defraud FIBI, and other financial institutions, in the following manner:

   a. DREW used, without consent and without lawful authority, the identity of Individual J.B. to misrepresent his and Individual J.B.'s identity to open a FIBI checking account online in the name of Company A under false pretenses. When opening the checking account using stolen personal identification information, DREW used the address of his personal residence to receive correspondence from the bank.

   b. On or about July 23, 2020, DREW attempted to pay rent for his personal residence with a check drawn on the fraudulent FIBI account in the name of Business A, in the amount of $26,172.30. The primary owner listed on the FIBI bank account held in the name of Company A on which the rent check was drawn was Individual J.B. with the residential address of DREW. The check DREW attempted to negotiate for his rent payment bore DREW's residential address and a signature that appeared to be that of Individual J.B. The property management company deposited the check in its bank, but the check was ultimately returned from FIBI for nonsufficient funds.

### Other Relevant Conduct

6. DREW unlawfully acquired personal identification information of more than 150 individuals who lived in Fairfax County, Virginia, in the Eastern District of Virginia, by stealing United States Postal Service mail from their mailboxes, which contained checks, bank

statements, credit card statements, and the like. The stolen personal identification information included names, addresses, dates of birth, and social security numbers. The identity theft victims were real people who did not know DREW, were unaware that DREW was in possession of their personal identification information, and who did not authorize DREW to conduct any financial transactions in their name or on their behalf. Included in the mail DREW stole were two checks made payable to Company A in the amounts of $20,317.50 and $45,200.00.

7. On or about July 21, 2020, FIBI notified Individual K.S. that a wire transfer was attempted in the amount of $17,000 from another FIBI account, opened in the name of Company A, to a Bancorp Bank account bearing his name. The primary owner listed on the Company A FIBI account was Individual J.B. at DREW's address.

8. DREW mobile-deposited at least one stolen Company A check for approximately $20,000.00 into the fraudulent FIBI account bearing Company A's name. A FIBI investigator and other bank investigators found that the fraudulent FIBI Company A account was funded with counterfeits of the two stolen Company A checks and a counterfeit of a check, dated May 14, 2020, in the amount of $25,000.00 drawn off of identity theft victim SMC's Bank of America account and made payable to Business A instead of the original payee.

9. The execution of two search and seizure warrants at DREW's residence in Reston, Virginia, on March 26, 2020, and August 3, 2020, revealed that he was in possession of the following fruits, evidence, and instrumentalities related to the bank fraud scheme:

    a. Approximately 150 pieces of stolen mail including checks, W2 forms, bank statements, and credit card statements of identity theft victims;

    b. Laminated sheets of paper which contained at least 40 individuals' names, personal identification information, bank account information, email

        addresses, and phone numbers, including the personal identification information of identity theft victim J.B.;

    c.   Counterfeit business checks, a stolen Economic Impact Payment ("EIP") – commonly known as a COVID-19 stimulus payment – U.S. Treasury check in the amount of $1,200.00 for J.D., who resides in Reston, Virginia, and six counterfeit EIP checks in amounts from $1,200 to $2,400, five of which were made payable to DREW.

10.     DREW also negotiated the authentic $1,200 EIP check legitimately issued to him twice, first on or about May 10, 2020, at a DNV Inc. Check Cashing location at 1082 Elden St., Herndon, Virginia, within the Eastern District of Virginia, and again on or about May 11, 2020, using a Chime online banking platform account with banking services provided by The Bancorp Bank.

11.     FIBI was at all relevant times, that is, from December 2019 to August 2020, a financial institution as defined by Title 18, United States Code, Section 20.

### Count 2

12.     On or about June 27, 2020, in the Eastern District of Virginia, JONATHAN EDWARD DREW, either alone or in concert with others, during and in relation to an enumerated felony violation, namely, bank fraud, in violation of Title 18, United States Code, Section 1344, did knowingly transfer, possess, and use, without lawful authority, a means of identification of another person, specifically the name, date of birth, and social security number of Individual J.B., in violation of Title 18, United States Code, Section 1028A.

13.     On or before June 27, 2020, DREW acquired the name, date of birth, and social security number of Individual J.B., who is an actual person and a resident of Virginia.

4

14. On or about June 27, 2020, DREW, without consent or lawful authority, completed and submitted an online application to open a FIBI business checking account in the name of Company A, using Individual J.B.'s true and legitimate name, date of birth, and social security number as the digital banking administrator for the account.

15. This statement of facts includes those facts necessary to support the plea agreement between the defendant and the United States. It does not include each and every fact known to the defendant or to the United States, and it is not intended to be a full enumeration of all of the facts surrounding the defendant's case or all of the relevant conduct that would be used to determine the defendant's sentence under the Sentencing Guidelines after a trial.

16. The actions of the defendant, as recounted above, were in all respects knowing and deliberate, and were not committed by mistake, accident, or other innocent reason.

Respectfully submitted,

Raj Parekh
Acting United States Attorney

Date: 4/12/2021     By: *Roberta O. Roberts*
Roberta O. Roberts
Special Assistant United States Attorney
Russell L. Carlberg
Assistant United States Attorney

After consulting with my attorney and pursuant to the plea agreement entered into this day between the defendant, JONATHAN EDWARD DREW, and the United States, I hereby stipulate that the above Statement of Facts is true and accurate, and that had the matter proceeded to trial, the United States would have proved the same beyond a reasonable doubt.

_____
Jonathan Edward Drew

I am Nathaniel Wenstrup, defendant's attorney. I have carefully reviewed the above Statement of Facts with him. To my knowledge, his decision to stipulate to these facts is an informed and voluntary one.

_____
Nathaniel Wenstrup
Attorney for Jonathan Edward Drew